DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PLANET HOME LENDING, LLC,                )<br>                                                                  )<br>              Plaintiff,                            )<br>                                                                  )<br>         v.                                                   )<br>                                                                  )<br>JUDITH AMBROSE; LISA AMBROSE;   )<br>DEBRA LOARRAINE BROOKS f/k/a       )<br>DEBRA L. AMBROSE-JOSEPH f/k/a       )<br>DEBRA L. AMBROSE;                               )<br>HENRY MOREN AMBROSE, JR. a/k/a   )<br>HENRY MOREN AMBROSE;                     )<br>KAYLAN E. AMBROSE;                             )<br>ALEXIS AMBROSE, a minor; and            )<br>"JOHN DOE" representing the unknown heirs, )<br>devisees or assigns of MOREN H. AMBROSE, )<br>deceased, anyone claiming a right, title, lien or )<br>estate in Plot No. 974                              )<br>(comprising 0.235 U.S. acre, more or less) )<br>Estate Williams Delight, Prince Quarter,    )<br>St. Croix, U.S. Virgin Islands, as more      )<br>particularly shown on                              )<br>OLG Drawing No. 4024 dated April 15, 1980, )<br>                                                                  )<br>              Defendants.                       )<br>_____) | Civil Action No. 2017-0008 |

**Attorneys:**
**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
   *For Plaintiff*

**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
   *For Defendant Alexis Ambrose, a minor*

## MEMORANDUM OPINION

**Lewis, District Judge**

   THIS MATTER comes before the Court on Plaintiff Planet Home Lending, LLC's ("Plaintiff") "Motion for Default and Summary Judgment" ("Motion"), as supplemented by Plaintiff's "Notice in Compliance with Court Order," filed on January 8, 2019 and July 14, 2023,

respectively, against Defendants Judith Ambrose; Lisa Ambrose; Debra Loarraine Brooks f/k/a Debra L. Ambrose-Joseph f/k/a Debra L. Ambrose; Henry Moren Ambrose, Jr. a/k/a Henry Moren Ambrose; Kaylan E. Ambrose; Alexis Ambrose, a minor; and "JOHN DOE" representing the unknown heirs, devisees or assigns of Moren H. Ambrose, deceased, anyone claiming a right, title, lien or estate in Plot No. 974 (comprising 0.235 U.S. acre, more or less) Estate Williams Delight, Prince Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 4024 dated April 15, 1980 ("Unknown Defendants"). (Dkt. Nos. 81).[1] For the reasons discussed below, the Court will grant the Motion.

## I.    BACKGROUND

On February 14, 2017, the Bank of Nova Scotia ("BNS"), filed a Complaint for debt and foreclosure against Judith Ambrose, Lisa Ambrose, and Moren H. Ambrose. (Dkt. No. 1). After Plaintiff learned of the death of Moren H. Ambrose[2], Plaintiff moved to amend the Complaint to add his known heirs and the Unknown Defendants as defendants to the Complaint.[3] (Dkt. No. 27). On April 5, 2018, the Magistrate Judge granted the Motion to Amend. (Dkt. No. 30).

---

[1] For ease of reference, the Court will refer to Defendants Judith Ambrose, Lisa Ambrose, Debra Loarraine Brooks, Henry Moren Ambrose, Jr., and Kaylan E. Ambrose collectively as the "Ambrose Defendants." The default judgment portion of the Motion is directed against the Ambrose Defendants and the Unknown Defendants. The summary judgment portion is directed against Alexis Ambrose, a minor.

[2] The death certificate attached to the Amended Complaint states that a death record was filed showing that Moren H. Ambrose died on August 3, 2015 in Harris County, Texas. (Dkt. No. 31-2).

[3] The Amended Complaint alleges that upon information and belief, Defendants Judith Ambrose, Lisa Ambrose, Debra Loarraine Brooks, and Henry Moren Ambrose, Jr. are the surviving spouse, daughters, and son of Moren H. Ambrose, deceased, respectively. (Dkt. No. 31 at ¶¶ 2-5). In addition, the Amended Complaint alleges that upon information and belief Defendants Kaylan E. Ambrose and Alexis Ambrose, a minor, have surviving interests in the property via 15 V.I.C. § 84 through their father, Eddie M. Ambrose, who predeceased his father, Moren H. Ambrose. *Id.* at ¶¶ 6, 7.

In the Amended Complaint, Plaintiff alleges that, on July 2, 2004, Judith Ambrose and Lisa Ambrose executed and delivered to Plaintiff, a Promissory Note (the "Note") in which they promised to pay BNS $123,250.00, plus interest at the rate of 4.99% per annum, in monthly installments of $660.88. (Dkt. No. 31 at ¶¶ 13,14). As security for payment on the Note, Judith Ambrose, Lisa Ambrose, and Moren H. Ambrose, executed on the same day and delivered to Plaintiff a Mortgage encumbering the following property described as:

> Plot No. 974 (comprising 0.235 U.S. acre, more or less), Estate Williams Delight, Prince Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 4024, dated April 15, 1980

(the "Property") (Dkt. No. 31 at ¶ 15). The Amended Complaint alleges that the Mortgage was recorded at the Office of the Recorder of Deeds for the Division of St. Croix on July 2, 2004. *Id.*

The Amended Complaint further asserts that the Note and Mortgage were subsequently modified by a Loan Modification Agreement executed on December 29, 2014 and recorded on February 10, 2015. *Id.* at ¶ 16. Per the Modification Agreement, Judith Ambrose, Lisa Ambrose, and Moren H. Ambrose ("Borrowers") agreed to pay the new principal amount of $126,368.07 with an interest rate of 5.73% per annum. *Id.*

Plaintiff asserts that, beginning on September 2, 2016, Defendants Judith Ambrose and Lisa Ambrose defaulted under the terms of the Note and Mortgage by failing to pay monthly installments of principal and interest as they became due. *Id.* at ¶ 17. By correspondence dated December 22, 2016, Plaintiff gave notice of default to each of the Borrowers advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (Dkt. No. 31-6). Following the Borrowers' failure to cure the default, Plaintiff declared as due and payable the entire unpaid principal sum along with interest and other charges. (Dkt. No. 31 at ¶ 15).

The Amended Complaint further states that, upon his death, Moren H. Ambrose's interests passed on to his wife, Defendant Judith Ambrose, and heirs, who inherited his interest in the Property subject to the Mortgage. *Id.* at ¶¶ 27-29. Therefore, Plaintiff maintains that pursuant to 15 V.I.C. § 645, the heirs are "liable to an action by a creditor of a deceased person to recover the debt of their ancestor … to the extent of the value of any real property inherited by or devised to them." 15 V.I.C. § 645; *Id.* at ¶ 30.

Plaintiff seeks, *inter alia*, judgment in its favor and against Defendants awarding the principal balance and interest due and payable as of the date of Judgment and thereafter; providing for the recovery of attorneys' fees and costs incurred by Plaintiff; ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff; and allowing for the recovery of any deficiency judgment against Defendants Judith Ambrose and Lisa Ambrose only. *Id.* at 8-9.

On August 13, 2018, Plaintiff filed a "Motion to Appoint Guardian Ad Litem for Minor Defendant Alexis Ambrose." (Dkt. No. 55). The Magistrate Judge granted Plaintiff's Motion to Appoint and ordered Plaintiff to propose the names and qualifications of individuals to serve as a guardian ad litem. (Dkt. No. 56). Plaintiff responded by submitting the curriculum vitae of Scot F. McChain, Esq., who agreed to serve as guardian ad litem. (Dkt. Nos. 59, 59-1). On September 13, 2018, the Magistrate Judge appointed Attorney McChain to represent Alexis Ambrose and her interests in the instant matter. (Dkt. No. 60 at 2).

On January 8, 2019, Plaintiff filed a "Motion for Default Judgment and Summary Judgment," together with a Memorandum of Law. (Dkt. Nos. 81, 82). In its Memorandum of Law, Plaintiff argues that the procedural elements for default judgment against the Ambrose Defendants are met because they are all competent persons and are not in the military service. (Dkt. No. 84 at 8). Plaintiff also notes that the Unknown Defendants have failed to appear despite being served

4

with the Summons by publication. *Id.* at 7. In addition, Plaintiff asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 8.

Plaintiff also provided a Declaration of its prior counsel, Johanna Harrington, Esq., in support of its Motion for Default Judgment. (Dkt. No. 83). In the Declaration, Attorney Harrington describes the efforts made by Plaintiff to determine the identity of Moren H. Ambrose's heirs and to determine whether they were competent adults and members of the military. *Id.*

Plaintiff further argues that it is entitled to summary judgment against Alexis Ambrose. (Dkt. No. 84 at 8). Plaintiff notes that although Alexis Ambrose—through her guardian ad litem—answered the First Amended Complaint, she asserted no affirmative defenses. *Id.* Plaintiff also argues that no genuine issue of material fact exists since Alexis Ambrose inherited a fractional interest in the Property, and Plaintiff is entitled to foreclose on all interests in the Property, including that of Alexis Ambrose. *Id.*

On April 5, 2023, Plaintiff filed a "Motion for Substitution of Party" requesting that Planet Home Lending, LLC be substituted as the Plaintiff in this matter due to an Assignment of Mortgage transferring interest in the Note and Mortgage from Plaintiff's predecessor in interest to Plaintiff. (Dkt. No. 95). On April 6, 2023, the Magistrate Judge granted Plaintiff's Motion for Substitution. (Dkt. No. 96).

On May 24, 2023, Plaintiff filed an Updated Affidavit of Indebtedness signed by Thomas O' Connell ("O'Connell"), Senior Vice President, who attests that he is familiar with the records related to the servicing of the loan, which were maintained as part of Plaintiff's business records. (Dkt. No. 97-1). In the Affidavit of Indebtedness, O'Connell asserts that Defendants Judith Ambrose and Lisa Ambrose owe the following amounts as of May 15, 2023: principal balance of

5

$122,544.04; accrued interest from August 2, 2016 to May 15, 2023 of $47,647.24; escrow advance of $25,288.97; accumulated late charges of $2,060.24; and recoverable balance of $9,138.48, for a total indebtedness of $206,678.97. *Id*. at 2. In addition, O'Connell asserts that interest accrues at the per diem rate of $19.24. *Id*.

To date, Defendants have not responded to Plaintiff's Motion for Default Judgment and Summary Judgment.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

6

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164). The *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Id.*

### B. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also King v. Police and Fire Federal Credit Union*, Civil Action No. 16-6414, 2019 WL 2226049 at *4 (E.D. Pa. May 22, 2019). Thus, the moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted). "[I]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id.* (emphasis in original).

7

In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party, and draw all reasonable inferences in that party's favor." *Curto v. A Country Place Condominium Ass'n., Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, Civil Action No. 2014-0105, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017) (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Default Judgment Against the Ambrose Defendants and Unknown Defendants

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Ambrose Defendants and the Unknown Defendants, as confirmed by the factual allegations of the Amended Complaint and the Motion for Default Judgment, together with the accompanying documents. Plaintiff has provided evidence to establish the elements of its foreclosure action against these Defendants. Specifically, Plaintiff has shown that: (1) Defendants Judith Ambrose and Lisa Ambrose executed and delivered a promissory note dated July 2, 2004 (Dkt. No. 31-3); (2) the Borrowers executed and delivered a Mortgage dated July 2, 2004 (Dkt. No. 31-4); (3) Plaintiff's predecessor in interest transferred its interest in the Property to Plaintiff via an Assignment of Mortgage on September 22, 2022 (Dkt. No. 95-3); (4) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property (Dkt. No. 31-4 at ¶ 18.5); and (5) the Borrowers are in default under the terms of the Note and the Mortgage (Dkt. No. 82-7). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Ambrose Defendants. It has properly shown that: (1) the Ambrose Defendants were served either personally or by publication with the Summons and Amended Complaint (Dkt. Nos. 46, 47, 48, 49); (2) the Ambrose Defendants have not appeared in this action; (3) default was entered against the Ambrose Defendants by the Clerk of Court (Dkt. Nos. 73, 76, 77); and (4) the Ambrose Defendants are not infants nor incompetent persons (Dkt. No. 24-8 at ¶¶ 6-7). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that the Ambrose Defendants are not in the military service as defined in the Servicemember's Civil Relief

Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)]. (Dkt. No. 21-1).

The Court also finds that default judgment is appropriate against any other heirs, devisees, assigns, or any other person who may claim an interest in the Property. Plaintiff served these individuals via publication (Dkt. No. 52), and they have failed to appear in this matter.

In reviewing the Updated Affidavit of Indebtedness, along with the supporting exhibits, the Court finds that the following amounts are due: principal balance of $122,544.04; accrued interest from August 2, 2016 to May 15, 2023 of $47,647.24; accrued interest from May 16, 2023 through the date of entry of Judgment of $1,500.72[4]; escrow advance of $25,288.97; accumulated late charges of $2,060.24; and recoverable balance of $2,667.60[5], for a total indebtedness of $201,708.81.

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the Ambrose Defendants' breach of their contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, despite being served with a copy of the Summons and Amended Complaint, the Ambrose Defendants and the Unknown Defendants have failed to appear and raise any defenses in this matter. In addition, Defendants' culpable conduct is evidenced by their refusal to respond to

---

[4] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $19.24 from May 16, 2023 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $19.24 per diem rate x 78 days = $1,500.72.

[5] On July 8, 2023, the Court ordered Plaintiff to submit a filing to the Court to identify with specificity what comprises the sum of $9,138.48 in "Recoverable Balance." (Dkt. No. 98). On July 14, 2023, Plaintiff filed a Notice with the Court explaining that "Recoverable Balance" constitutes property inspection fees, the prior servicer's foreclosure legal fees, and the current servicer's foreclosure legal fees. (Dkt. No. 99). Plaintiff requests that the Court exclude from the Judgment legal fees in the amount of $6,470.88 because Plaintiff "intends to file a separate and fully supported motion for costs and attorney fees after entry of judgment." *Id.* at 2. Therefore, Plaintiff requests the remaining $2,667.60 for property inspection costs, which Plaintiff represents were incurred during the foreclosure proceedings and are recoverable pursuant to the terms of the Mortgage. *Id.*

the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc., et al.*, Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against the Ambrose Defendants and the Unknown Defendants is warranted.

B.    **Summary Judgment Against Alexis Ambrose**

Plaintiff moves for summary judgment against Alexis Ambrose, a minor. Although Alexis Ambrose filed an Answer (Dkt. No. 78) to the Amended Complaint through her guardian ad litem, she has not filed a response to Plaintiff's Motion for Summary Judgment.

The record shows that Defendants Judith Ambrose and Lisa Ambrose executed the Note on July 2, 2014 in favor of Plaintiff; the Borrowers executed the Mortgage in favor of Plaintiff on the same day; the Borrowers executed a Loan Modification Agreement on December 29, 2014; Moren H. Ambrose died in August 2015; and the Borrowers defaulted on the loan as of September 2, 2016. (Dkt. Nos. 31-2, 31-3, 31-4, 31-5, 31-6). Following Moren H. Ambrose's death, Alexis Ambrose received an interest in the Property. To date, the default on the outstanding debt has not been cured. As the owner and holder of the Note, Plaintiff may pursue the debt and foreclosure action. Moreover, the Mortgage provides that, should default occur or should the borrower die, Plaintiff may enforce available rights and remedies, including foreclosure sale. (Dkt. No. 31-4 at ¶ 18.5).

Therefore, there is no genuine issue of material fact that the debt owed Plaintiff is in default and has not been paid despite demand. Accordingly, the Court will grant summary judgment against Alexis Ambrose. *See United States v. Springer*, Civil Action No. 2012-0001, 2013 WL 363681, at

*4 (D.V.I. Jan. 24, 2013) (finding summary judgment appropriate against son of deceased property owner who did not assume mortgage payments).

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Planet Home Lending, LLC's "Motion for Default and Summary Judgment" (Dkt. No. 81). First, the Court will grant default judgment in favor of Plaintiff and against Defendants Judith Ambrose; Lisa Ambrose; Debra Loarraine Brooks f/k/a Debra L. Ambrose-Joseph f/k/a Debra L. Ambrose; Henry Moren Ambrose, Jr. a/k/a Henry Moren Ambrose; Kaylan E. Ambrose; and the Unknown Defendants. The Court finds that the following amounts are due: a principal balance of $122,544.04; accrued interest from August 2, 2016 to May 15, 2023 of $47,647.24; accrued interest from May 16, 2023 through the date of entry of Judgment of $1,500.72; escrow advance of $25,288.97; accumulated late charges of $2,060.24; and a recoverable balance of $2,667.60, for a total indebtedness of $201,708.81. The total indebtedness shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

The Court will also grant Plaintiff's summary judgment motion against Alexis Ambrose, a minor.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 1, 2023 _____/s/_____
WILMA A. LEWIS
District Judge